In the Matter of the Application of HARRIS J. KLEIN, Appellant, for Admission to the Bar.

COMMITTEE ON CHARACTER AND FITNESS FOR THE FIRST JUDICIAL DEPARTMENT, Respondent.

(Argued November 18, 1929; decided December 3, 1929.)

*Jay Leo Rothschild* and *Louis Rivkin* for appellant. A " vacation," as used in rule 6 of the old rules of the Court of Appeals, is a stated interval in a round of duties or employment, or the intermission of the course of studies required during clerkship, or a freedom or relief from duty. It may or may not constitute a period of irresponsibility, of idleness, of recreation. Its character is determined by the fact that it is a suspension of regular activity, and not by any requirement that it should constitute stagnation of all effort. (*American Historical Society* v. *Glenn,* 248 N. Y. 445.)

*William D. Guthrie, Sol M. Stroock, Bernard S. Deutsch, Charles J. Hardy, Harold E. Lippincott, Charles W. Pierson* and *Cornelius W. Wickersham,* for Committee on Character and Fitness, respondent. The question decided by the Committee on Character and Fitness and the Appellate Division was one of fact. (*Matter of Beggs,* 67 N. Y. 120; *Matter of Flannery,* 212 N. Y. 610; *Matter of Robinson,* 209 N. Y. 354.)

CRANE, J. Harris J. Klein moved the Appellate Division of the first department for an order directing the Committee on Character and Fitness to certify him as fit for admission to the bar or directing that the applicant be admitted to the bar. Notice of the motion was given to the committee which appeared by counsel in opposition to the motion. The motion was denied.

Appeal is brought to this court as the action of the Character Committee was based upon a construction of our rules for the admission of attorneys and counselors at law. From the record on appeal, which includes the testimony and proceedings before the Character Committee, the only matter ruled on was the question of Klein's clerkship and his compliance with rule 3 and rule 6 as in force and effect prior to July 1st, 1929. No other question was presented to the Appellate Division and none other has been presented to this court.

Under rule 3 applicants of the first class, or those who are not graduates of a college or university, must serve a clerkship for a period of at least one year continuously either before examination by the State Board of Law Examiners or after such examination and prior to admission to the bar. Rule 6 provides: " In computing the period of clerkship a vacation actually taken not exceeding two months in each year shall be allowed as a part of such year." The words " vacation actually taken " require the applicant to serve a full calendar year of a clerkship including ten months of actual service and two months of a vacation. The vacation must be actually taken in the sense that two months cannot be lopped off as for a vacation and the applicant admitted to the bar at the end of ten months. He must serve the full calendar year including the vacation. The rule, however, gives no indication as to how the vacation shall be spent or what the applicant may or must do during his leave of absence. If he actually takes a two months' vacation during his year's clerkship in a lawyer's office, he may use his time in the same way anybody else does who takes a holiday. This court did not intend to dictate or restrict the activities of the student. A vacation is an intermission of a stated employment or a period of leisure or rest. But minds differ very widely as to what constitutes leisure or rest. We are now taught that leisure is free activity not idleness, and that rest may be a change from one employment to another. Some men take a vacation to play golf, others to write a book as did John Stuart Mill. The tastes of all men differ as to the value and nature of a vacation or as to the method of spending leisure days. Where there is choice there is variety, where there is necessity there is no choice. Many of our students in colleges spend their vacations in working at some employment which will give them funds sufficient to pay their college fees. They work their way through college. If this is no detriment to the scholarship neces-

sary for a scholastic or scientific degree why should it disqualify the student seeking admission to the bar who is serving his clerkship in a law office to learn practice and the ethics of his profession?

Our rules, therefore, place no limitation upon the freedom of the law clerk during the period of his vacation. Harris J. Klein, the applicant, spent his two months' vacation, or part of that time, working as a bookkeeper and cashier in a summer hotel in Sullivan county. Working at such employment during the vacation allowed by our rules was not a violation thereof and the Character Committee was not justified in refusing to certify for this reason that the required period of clerkship had been served.

We are merely passing upon the construction of our rule. Whether the vacation exceeded the period allowed or whether the applicant has told the truth about the matter or whether he is qualified in any other particular which might affect his character, we do not attempt to say. This is for the Appellate Division to determine. The applicant must, of course, comply with all other rules and regulations which include satisfying the Appellate Division that he is a fit person to be admitted. These matters still rest with that court.

Attention at this time may be called to the change made in these rules by rule 5, subdivisions 7 and 8, of the present rules of the Court of Appeals for the admission of attorneys and counselors at law, taking effect July 1st, 1929.

The order should be reversed, without costs, and the matter remitted to the Appellate Division for such further action as may be proper in the light of the construction now placed upon our rules.

POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., not sitting.

Order reversed, etc.